IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN L. GARCIA,

    Plaintiff,

v.                                                             No. 1:16-cv-01141 WJ-KBM

MICHAEL GEIER, individually,
and in his official capacity;
KEITH RIESBERG, individually,
and in his official capacity;
RIO RANCHO POLICE DEPARTMENT;
and GOVERNING BODY FOR THE CITY
OF RIO RANCHO.

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST DEFENDANT CITY OF RIO RANCHO, INCLUDING THE RIO RANCHO POLICE DEPARTMENT

THIS MATTER is before the Court on Defendants' Motion to Dismiss filed on May 3, 2017 (**Doc. 28**). Having reviewed the relevant pleadings and the applicable law, the Court finds Defendants' Motion is well-taken, and is therefore **GRANTED.**

### BACKGROUND

The relevant background facts are set forth in the Court's Memorandum Opinion and Order Granting Defendants Michael Geier's And Keith Riesberg's Motion to Dismiss (Doc. 21) and will not be repeated here. Plaintiff Justin L. Garcia brought this lawsuit against four defendants: former Chief of Police Michael Geier and City Manager Keith Riesberg both individually and in their official capacities and the Rio Rancho Police Department and the City of Rio Rancho. On February 24, 2017, the Court dismissed Defendants Geier and Riesberg with prejudice because Plaintiff failed to state claims under the First Amendment, Procedural Due Process Clause, Equal Protection Clause, and 42 U.S.C. § 1983. *See generally* Doc. 21. The

only remaining claims are those asserted against the City, including the Rio Rancho Police Department.

## DISCUSSION

Defendants argue the Complaint does not allege the City acted by any means other than through Geier and Riesberg to violate Plaintiff's constitutional rights. Moreover, the Complaint contains no allegations of any City policy or custom that directly caused Plaintiff's alleged injuries. The crux of Defendants' argument is that a municipality may not be held liable where there was no underlying constitutional violation by any of its officers. *See Apodaca v. Rio Arriba County Sheriff's Dept.,* 905 F.2d 1445, 1447–48 (10th Cir. 1990); *Watson v. City of Kansas City,* 857 F.2d 690, 697 (10th Cir. 1988); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff responds that "the City had several customs and policies in effect which were directly violated in this case." Doc. 29 at 2. But Plaintiff does not identify any of such customs or policies. Citing a New Mexico state case, *Trujillo v. City of Albuquerque*, 1979-NMCA-127, 93 N.M. 564, 603 P.2d 303 (1979), Plaintiff argues where there is a direct relationship between a victim and the police, a municipality can be liable for the victim's injuries. The core of Plaintiff's argument is that the actions of Defendants Geier and Riesberg can be "imputed to the City for liability purposes." Doc. 29 at 2.

For the same reasons articulated in its order dismissing Geier and Riesberg (Doc. 21), the Court concludes Plaintiff has not alleged any specific City custom or policy that directly caused his alleged constitutional deprivations. Plaintiff argues the alleged unconstitutional acts of City employees may be "imputed to the City for liability purposes," but *Monell* and its progeny make it explicitly clear that a city may not be held liable for its employees' acts under a *respondeat*

*superior* theory. Rather, in order to prevail on a claim of municipal liability, a plaintiff must, in addition to showing a constitutional violation, prove that his or her constitutional injury was "inflicted pursuant to government policy or custom." *Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). A municipality may be liable for acts officially sanctioned or ordered by its final policy-making authority. *Pembauer v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986) (plurality opinion); *see Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154 (10th Cir. 2001) (municipality cannot be held liable for the actions of its employees if those actions do not constitute a violation of a plaintiff's constitutional rights); *Hinton*, 997 F.2d at 782 ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). Fatal to Plaintiff's claims is that the actions complained are attributed to either Geier or Riesberg, and the Court already found neither Defendant committed any constitutional, injury to this Plaintiff. *See* Doc. 4 ¶¶ 32–95.

Plaintiff has not directed the Court to any allegations that describe acts by the City through a City policy or custom as opposed to acts by the individual Defendants or other employees. Plaintiff asks the Court to impute liability to the City because of the acts of the individuals Defendants, but the City cannot be held liable for constitutional violations by Geier or Riesberg, had any occurred, solely because it employed Geier and Riesberg. *See Monell*, 436 U.S. at 689. When a defendant's conduct does not violate the constitution, such a finding precludes liability against the city solely because the city employed the defendant. *See Hinton*, 997 F.2d at 782.

The above principals were considered in depth by the Supreme Court in *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). There, the Court reasoned that when a city is "sued only because [it was] thought legally responsible" for the actions of its officers, it is "inconceivable" to hold the city liable if its officers inflict no constitutional injury, even when the city's policies might have "authorized" such injury. *See id.* In other words, when liability against a city is derived solely from an officer, and a court finds that the officer has not violated any of the plaintiff's constitutional rights, the claims against the city are properly dismissed. *See id.* Crucial to the Court's reasoning in *Heller* was the fact that the city's liability, if any, was solely based on the conduct of the named individual defendant. Here, Plaintiff has not alleged the conduct of any other officials caused his alleged injury and Plaintiff has not identified any City custom or policy that caused the injuries he complains of.

Plaintiff's reliance on *Trujillo* is inapposite. First, *Trujillo* is a state court decision thus holds little persuasive value. Second, *Trujillo* is not relevant to the issues at hand, because it dealt with common law claims asserted against a city rather than federal constitutional claims. *See Trujillo*, 1975-NMCA-127, ¶ 3. There, the New Mexico Court of Appeals discussed whether the city owed the plaintiff a "special duty" of care in the context of a plaintiff who was not an employee of the city. *See id.* ¶¶ 10–11. Third, the case is of no relevance factually and may be distinguished entirely on that basis, because it involved a plaintiff's decedent who was shot and killed in a city park by a private person, not a city employee. *See id.* ¶¶ 2–3.

Finally, it is worth noting that "*Monell* does not require that a jury find an individual defendant liable before it can find a local governmental body liable." *Garcia v. Salt Lake County*, 768 F.2d 303, 310 (10th Cir. 1985). But in *Garcia*, unlike the present matter, there was an identified policy that *itself* substantially contributed to the violation of the plaintiff's

constitutional rights. *See id.* 305–07. Moreover, in *Garcia* the plaintiff had identified specific policies of the county jail and the plaintiff identified specific provisions from those policies. *See id.* at 306. The Plaintiff here has not done so.

Therefore, Defendants' Motion to Dismiss (**Doc. 28**) is **GRANTED**. Plaintiff's claims against Defendants the Rio Rancho Police Department and the City of Rio Rancho are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE